

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LISA PIERUCCI, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.                                   CIVIL ACTION NO. 2:20-cv-455

HOMES.COM, INC.,

      Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Homes.com's ("Homes" or "Defendant") Motion to Dismiss[1] under Federal Rule of Civil Procedure 12(b)(6). ECF No. 45. The Court finds that a hearing is not necessary. Having reviewed the parties' filings, this matter is ripe for judicial determination. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice and Granted Leave to Amend.

### I.    FACTUAL AND PROCEDURAL HISTORY

The following facts taken from Lisa Pierucci's ("Pierucci" or "Plaintiff") Complaint are considered true and cast in the light most favorable to Pierucci. ECF No. 1; *see also, Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Homes.com is a real estate website that generates leads for listings for real estate agents and markets its leads through text messages. *Id.* at ¶¶ 5-6. On February 27, 2020, Pierucci received an unsolicited text message on her cellphone from Homes. *Id.* at ¶ 7. The message was addressed specifically to Plaintiff and stated:

---

[1] On November 19, 2020, Defendant filed an additional Motion to Dismiss for Failure to State a Claim without leave of Court. ECF No. 58. Therefore, this motion is denied as improper and moot.

>Hi Lisa, this is Dion with Homes.com. I hope a text is ok. I'm looking for an agent to pick up the openings we have in your county and surrounding areas to work every pre-screened buyer/seller lead coming through. We're currently doing 30% OFF on ANY zip codes, to help agents get a head start on preparing for the upcoming season. Let's compare Homes.com prices to what you are currently doing. What zip codes/areas do you like targeting?

*Id.* Plaintiff did not consent to Homes contacting her in any way. *Id.* at ¶ 8. Plaintiff alleges that the text message was a nuisance that "aggravated [her], wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components." *Id.* at ¶ 9.

On March 4, 2020, Plaintiff initiated a class action lawsuit in the United States District Court for the District of Arizona. ECF No. 1. Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), on behalf of herself and a putative nationwide class. *Id.* at ¶¶ 13-14. Plaintiff seeks to certify a class of "all persons" who received unsolicited text messages similar to Plaintiff and alleges that Homes.com "sent substantively identical unsolicited text messages en masse to the cellular telephone numbers of thousands of consumers." *Id.* at ¶ 11. Plaintiff seeks a maximum of $1,500 in damages for each time Homes sent these unsolicited text messages. On June 8, 2020, Defendant was granted a motion to transfer venue to the Eastern District of Virginia. ECF Nos. 13, 37. On September 11, 2020 the case was transferred to the United States District Court for the Eastern District of Virginia. ECF No. 38. On September 29, 2020, Defendant filed the instant motion to dismiss. ECF No. 45. Defendant also filed a Motion to Stay Defendant's motion to Stay Proceedings Pending Supreme Court's Decision in *Facebook v. Duguid* as well as a Motion to Strike Class Definition. ECF Nos. 44, 46. On October 13, 2020, Plaintiff responded in opposition to all three motions. ECF Nos. 50, 51, 52. On October 19, 2020, Defendant replied. ECF Nos. 53, 54, 55.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.)). In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also* Fed. R. Civ. P. 10(c).

## III. DISCUSSION

### A. Subject Matter Jurisdiction and Choice of Law

As an initial matter, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Accordingly, Plaintiff's claim necessarily turns on the Court's construction and

interpretation of the TCPA. The law is well-established that "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." *North Carolina v. Alcoa Power Generating, Inc.*, 2017 U.S. App. LEXIS 8226, at*10 (4th Cir. 2017) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Therefore, the Court has sufficient basis for federal question jurisdiction.

### B. Count I: Telephone Consumer Protection Act

The TCPA prohibits the making of a call to a cell phone in the following circumstances:

(1) Prohibitions
(b) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an
   artificial or prerecorded voice—
   (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
   (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

47 U.S.C.A. § 227. The robocall restriction[2], as implemented by the Federal Communications Commission, bars both automated voice calls and automated text messages. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014,

---

[2] Recently, on July 6, 2020, the United States Supreme Court held that the exception to the TCPA's restriction on automated calls or "robocalls" to cell phones, for the collection of debts owed to or guaranteed by the federal government, violated the First Amendment because it impermissibly favored debt-collection speech over political and other speech. However, the Court severed the government-backed debt exemption) and left the remainder of the autodialer restriction intact. *See Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 207 L. Ed. 2d 784 (2020).

14115 (2003). The TCPA imposes severe penalties of up to $1,500 per violation or three times the actual monetary losses for violating the robocall restriction. The elements of a TCPA claim are: 1) a call; 2) without consent; 3) placed via an ATDS. *See* 47 U.S.C. § 227. The TCPA defines an ATDS as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). While the United States Court of Appeals for the Fourth Circuit has not addressed the issue of defining an ATDS, federal courts across the country are divided on its definition.[3] The United States Supreme Court is currently resolving these circuit splits in *Duguid v. Facebook Inc.*, 926 F.3d 1146 (9th Cir. 2019), *pet. for cert. granted*, No. 19-511.

While there remains a question about the definition of an ATDS, the Court need not reach this question to adjudicate the instant motion. The Court finds that Plaintiff has not pleaded sufficient facts to allow the Court to draw a reasonable inference that the Defendant used an ATDS. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Notably, the Court finds that Plaintiff's Complaint makes conclusory allegations that Defendant used an ATDS but does not provide sufficient facts to support this allegation. *See DIRECTV, Inc. v. Pernites*, 200 Fed.Appx. 257, 258 (4th Cir. 2006) (holding that "…a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." (internal citation omitted).

In the Complaint, Plaintiff alleges that Defendant sent her "text messages using an

---

[3] The Second, Sixth and Ninth Circuits have defined an ATDS as any system that stores numbers and calls them "automatically." *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 290 (2d Cir. 2020); *Allan v. Pa. Higher Educ. Assistance Agency*, No. 19-2043, 2020 U.S. App. LEXIS 23935, at *14 (6th Cir. July 29, 2020). On the other hand, the Third, Seventh and Eleventh Circuits have found that an ATDS requires random or sequential number generation. *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 469 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1309-10 (11th Cir. 2020).

automatic telephone dialing system." ECF No. 1 at ¶ 8. However, the Complaint only identifies a single instance, on February 27, 2020, when Plaintiff received an unsolicited text message. ECF No. 1 at ¶ 7. The text message she received states:

> Hi Lisa, this is Dion with Homes.com. I hope a text is ok. I'm looking for an agent to pick up the openings we have in your county and surrounding areas to work every pre-screened buyer/seller lead coming through. We're currently doing 30% OFF on ANY zip codes, to help agents get a head start on preparing for the upcoming season. Let's compare Homes.com prices to what you are currently doing. What zip codes/areas do you like targeting?

*Id.* The Court finds that this text message, on its own, does not support the allegation that Defendant used an ATDS to send Plaintiff *various* text messages. Rather, the text message could plausibly support the reasonable inference that Defendant did not use an ATDS because the text message is addressed specifically to Plaintiff, identifies a specific sender, "Dion," and includes information about buying/selling homes in Plaintiff's area. *See, Thomas-Lawson v. Koons Ford of Baltimore, Inc.*, No. CV SAG-19-3031, 2020 WL 1675990, at *4 (D. Md. Apr. 6, 2020) (Dismissing TCPA claim because "the single text message included in her Complaint is ... highly personalized and not generic. It includes Plaintiff's first name, and specific information....").

Additionally, the Complaint made the conclusory allegation, and argument, that "Homes.com, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator, or to dial telephone numbers from preloaded lists." ECF No. 1 at ¶ 10. The Court similarly finds that this statement is conclusory because it merely states that Defendant used an ATDS but does not provide any supporting facts for the Court to draw a reasonable inference. Moreover, Plaintiff alleges that it is "...evident from the circumstances surrounding the text message, including the text message's commercial and generic content, that the text message was unsolicited, and that the text message was sent from a

landline phone number." *Id.* However, the Court finds that it is *not* evident on the basis of the complaint that Defendant was using an ATDS because there is a lack of sufficient facts to support a reasonable inference that Plaintiff's number was autodialed or that Defendants used an ATDS. *See Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *1 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017) (finding similarly that a plaintiff failed to show entitlement to relief for TCPA claim where plaintiff "made bare, conclusional [*sic*] allegations" that defendants used an ATDS.").

Therefore, Plaintiff provided a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, [which does not] suffice." *Iqbal* 556 U.S. at 678 (2009). The principle that a court must accept as true all of the complaint's allegations only applies to factual allegations; legal conclusions couched as factual allegations need not be accepted as binding. *Id.* Further, a court need not accept "unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 45, is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** Leave to Amend the Complaint within fifteen (15) days from the date of this order. The Court also **DISMISSES** as Moot Defendant's Motion to Stay Proceedings Pending Supreme Court's Decision in *Facebook v. Duguid* as well as the Motion to Strike Class Definition. ECF Nos. 44, 46.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 23, 2020

Raymond A. Jackson
United States District Judge